IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Daniel Draper,[1] | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Civil Action No. 9:21-cv-00185-TMC ) |
| Ms. Barnes, *Warden*; Dr. Onaha, *Medical Doctor*; and Mrs. Ramsey, *Medical Nurse*, | ) **ORDER** ) ) ) |
| Defendants. | ) ) ) ) |

Plaintiff Daniel Draper, a federal prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), alleging Defendants violated his constitutional rights. (ECF Nos. 1; 3; 13). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On July 26, 2021, Defendants filed a joint motion to dismiss or for summary judgment. (ECF No. 25). On August 5, 2021, Plaintiff filed his response in opposition to Defendants' motion (ECF No. 30).

On December 22, 2021, the magistrate judge issued a Report and Recommendation ("Report"), recommending that the court grant Defendants' motion, and dismiss Plaintiff's case without prejudice for failure to exhaust his administrative remedies. (ECF No. 35). The Clerk's docket entry and court record reflected that the Report, together with a Notice of Right to File Objections, was "placed in U.S. Mail from Charleston Clerks Office to Daniel Draper, 46467-048,

---

[1] Plaintiff originally sought to bring this action jointly with another *pro se* plaintiff, Chad Piazza. However, on March 3, 2021, the court severed Mr. Piazza's claims, which were re-docketed under a new case number. (ECF No. 7).

1

BENNETTSVILLE FEDERAL CORRECTIONAL INSTITUTION, P.O. BOX 52020, BENNETTSVILLE, SC 29512." (ECF No. 36). Having received no objections, the undersigned entered an order on January 12, 2022, adopting the recommendation in the Report and dismissing the action without prejudice. (ECF No. 37). The docket reflect that this Order was also mailed to Plaintiff. (ECF No. 39). Plaintiff then filed a notice of appeal with the Fourth Circuit as to the court's Order on January 28, 2022. (ECF No. 40).

While Plaintiff's appeal was pending, the court was notified of a letter, addressed to the Clerk of Court, received on February 14, 2022, which reflected that the Report had been mistakenly mailed to an inmate named John A. Brown at McCormick Correctional Institution, instead of to Plaintiff. (ECF No. 45). Consequently, on February 16, 2022, the court entered a text order noting that the Report had been sent by the Clerk's Office in error to the wrong person at the wrong address and, therefore, Plaintiff had not received the Report prior to the entry of the court's January 12th order. (ECF No. 50).

On April 19, 2022, the Fourth Circuit vacated the court's January 12th order and remanded the case to the undersigned with instructions to send the Report to Plaintiff and provide him an opportunity to file objections thereto. (ECF No. 54). The Fourth Circuit's mandate was issued on June 13, 2022, (ECF No. 56), and the following day the court entered a text order granting Plaintiff fourteen (14) days to file objections to the Report and directing the Clerk's Office to mail a copy of that order, the Fourth Circuit's opinion (ECF No. 54) and mandate (ECF No. 56), the court's February 16th text order (ECF No. 50), and the Report (ECF No. 35) to Plaintiff at his last known address. (ECF No. 57). On July 11, 2022, Plaintiff filed objections to the Report (ECF No. 64), and this matter is now ripe for review.

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation

for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'")).

## DISCUSSION

In her Report, the magistrate judge recommends granting Defendants' motion to dismiss (ECF No. 25) based on Plaintiff's failure to exhaust his administrative remedies. (ECF No. 35 at 10, 11). As the magistrate judge noted, Plaintiff's claims stem from his allegations that he was repeatedly exposed to black mold in showers, on the ceiling, and behind the lockers in his housing unit and that he was denied both medical testing to confirm his exposure and medical care for his alleged mold poisoning. *See id*. at 2, 5; *see also* (ECF Nos. 1 at 4–5; 1-1 at 1–6). The magistrate judge then discussed the requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), that an inmate must "exhaust 'such administrative remedies as are available' before brining a suit challenging prison conditions." (ECF No. 35 at 5 (quoting *Ross v. Blake*, 578 U.S.

4

632, 635 (2016)). The magistrate judge further noted that "Section 1997e mandates 'proper' exhaustion; thus, a 'procedurally defective administrative grievance or appeal' does not satisfy the mandatory exhaustion requirement." *Id*. at 6 (quoting *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006)).

Having discussed the proper standard for exhaustion, the magistrate judge then set forth the administrative grievance process for the Bureau of Prisons ("BOP") as well as Plaintiff's grievance history with respect to the claims at issue. *Id*. at 6–9 (citing 28 C.F.R. §§ 542.10–542.19; ECF Nos. 25-3 at 1–12; 30 at 4–5; 30-1 at 1–8, 18). As to Plaintiff's claim regarding the conditions of his confinement, the magistrate judge found that the uncontroverted evidence in the record "reveals Plaintiff did not file any administrative remedies regarding the housing conditions and mold at FCI Bennettsville." *Id*. at 8. The magistrate judge further noted that Plaintiff did not contest his failure to exhaust administrative remedies as to his conditions of confinement claim in his response. *Id*. (citing ECF No. 30 at 4–5). Consequently, the magistrate judge concluded that Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment conditions of confinement claim "as it is undisputed that Plaintiff failed to exhaust his administrative remedies on this claim." *Id*.

With respect to Plaintiff's claim alleging denial of medical care, the magistrate judge found that Plaintiff did file Administrative Remedy Request ID No. 1005271-F1 ("Remedy Request") at FCI Bennettsville dated January 30, 2020, requesting he be medically tested for mold poisoning. *Id*. (citing ECF No. 25-3 at 2, 11). The magistrate noted, however, that Plaintiff's Remedy Request was closed on February 21, 2020, following a response from the Warden detailing Plaintiff's previous medical visits, noting that Plaintiff did not mention any specific medical issues or complaints in his Remedy Request, and notifying Plaintiff of what he could do if he was

experiencing any medical issues. *Id*. (citing ECF No. 25-3 at 7, 10). The Warden's response further advised Plaintiff that he could appeal to the Regional Office within twenty (20) days if he was unsatisfied with the response and set forth the process by which Plaintiff could do so. *Id*. (citing ECF No. 25-3 at 10).

Consequently, on February 26, 2020, Plaintiff appealed to the Regional Office by filing Remedy ID No. 1005271-R1 (the "Regional Appeal").[2] *Id*. at 9 (citing ECF Nos. 25-3 at 2, 8; 30-1 at 7). His Regional Appeal was also rejected, however, on the bases that it was illegible and that Plaintiff failed to provide a copy of his original Remedy Request. *Id*. (citing ECF No. 25-3 at 2, 8). Nevertheless, Plaintiff was advised that he could resubmit his Regional Appeal within ten days. *Id*. (citing ECF No. 25-3 at 2). Plaintiff resubmitted his Regional Appeal on October 20, 2020, but it was again rejected, this time because Plaintiff failed to sign it and to include administrative information.[3] *Id*. (citing ECF No. 25-3 at 2, 9). The magistrate judge found that, although Plaintiff was advised that he could resubmit his Regional Appeal a second time, the record indicates that Plaintiff did not file any further administrative remedy requests. *Id*. (citing ECF No. 25-3 at 2–3, 9).

The magistrate judge then addressed Plaintiff's arguments in response to the Defendant's assertion that he failed to exhaust his administrative remedies. *Id*. at 10. As to Plaintiff's argument that the BOP's responses were "unhelpful" or inadequate such that they made the grievance process unavailable to him, *see* (ECF No. 30 at 5), the magistrate judge noted that "in order to show that a grievance procedure was not available, a prisoner must adduce facts showing that he

---

[2] Prior to receiving a response to his Regional Appeal, Plaintiff also filed an appeal at the national level to the Central Office, Remedy ID No. 1005271-A1, on March 19, 2020 (the "National Appeal"). (ECF No. 35 at 9 (citing ECF Nos. 25-3 at 2, 8; 30-1 at 18)). A week later, the National Appeal was rejected because it had been filed at the wrong level. *Id*. (citing ECF No. 25-3 at 2, 8).

[3] After resubmitting his Regional Appeal, Plaintiff also improperly resubmitted his National Appeal which was again rejected for being submitted at the wrong level. (ECF No. 35 at 9 (citing ECF No. 25-3 at 2, 9)).

was prevented, through no fault of his own, from availing himself of that procedure[.]" (ECF No. 35 at 10 (quoting *Graham v. Gentry*, 413 Fed. App'x 660, 663 (4th Cir. 2011))). Thus, the magistrate judge found that "Plaintiff has not argued or put forth any other evidence that he was unable to avail himself of the administrative remedy procedure or otherwise demonstrated that he was prevented from exhausting his administrative remedies." *Id*. The magistrate judge concluded, therefore, that Plaintiff could not overcome the undisputed evidence that he failed to exhaust the available administrative remedies and recommended the court grant Defendants' motion. *Id*.

Although Plaintiff submitted objections to the Report, (ECF No. 64), none of them even mention the Report nor do they specify any error in the magistrate judge's findings or conclusions therein. Nevertheless, the court is able to glean that Plaintiff objects to the magistrate judge's conclusion that he failed to exhaust his administrative remedies as to his denial of medical care claim. *See id*. However, Plaintiff fails to present any additional evidence or arguments to support that he exhausted the available administrative remedies, nor does he identify any error in the magistrate judge's findings or conclusions. *See id*. Instead, Plaintiff merely argues that "the administrative process was completed because my complaint was about medical staff not checking me for mold poisoning[,]" and that he has "already shown proof the . . . remedy process was completed." *Id*. Liberally construing these assertions, Plaintiff's objection amounts to nothing more than a statement of his disagreement with the magistrate judge's conclusions. It is well-settled that objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where

a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Accordingly, the court need only review the Report for clear error. *Dunlap*, 288 F. Supp. 3d at 662.

Having thoroughly reviewed the record, the Report, and Plaintiff's objections thereto, the court finds no reason to deviate from the Report's recommended disposition. Therefore, the court agrees with, and wholly **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 35), which is incorporated herein by reference. Accordingly, the court **GRANTS** Defendants' motion to dismiss (ECF No. 25) and this action is **DISMISSED without prejudice** based on Plaintiff's failure to exhaust his administrative remedies.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 26, 2022

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.